UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1-4:20CR00557 HEA |
| | ) |
| SHANNON NENNINGER, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the Defendant, **Shannon Nenninger**, represented by defense counsel, **Gregory Smith, Esq.**, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count 1 of the indictment, the United States agrees that it will move for the dismissal of Counts 2 through 14 and 23 as to the Defendant at the time of sentencing. The Government further agrees that no further federal criminal prosecution will be brought against the Defendant in the Eastern District of Missouri related to the Defendant's false and fraudulent statements to and concealment of material facts from the Social Security

Administration and private insurers in order to qualify for and to continue to receive disability insurance benefits between on or about January 8, 2013 and October 1, 2021, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. If the ultimate sentence imposed by this Honorable Court is based upon conduct for which the Defendant is being prosecuted by local authorities, the United States will recommend that the resulting sentence be run concurrent to the sentence imposed in the other prosecutions. The parties further agree that the Defendant may request a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that any such request must be made in writing no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The Government reserves the right to oppose the request for a below-guideline sentence.

**3.   ELEMENTS:**

As to Count 1, the Defendant admits to knowingly violating Title 18, United States Code, Section 371, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    (1)    that the Defendant and at least one other person made an agreement to commit the crimes of: health care fraud, Title 18, United States Code, Section 1347; making false statements, Title 18, United States Code, Section 1001; theft of Government

funds, Title 18, United States Code, Section 641; and, social security fraud, Title 42, United States Code, Section 408(a)(3);

(2) that the Defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and,

(3) that one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act, in order to accomplish some object or purpose of the conspiracy.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning as early as 2011, Dr. Thomas Hobbs ("Dr. Hobbs"), who practiced in the Eastern District of Missouri, earned a reputation among employees at Anheuser Busch In-Bev for providing fraudulent medical leave slips. Dr. Hobbs was also well-known among the employees for helping them to fraudulently obtain disability insurance payments from the federal government and private insurance companies for his patients by exaggerating their medical conditions and ability to care for themselves. Dr. Hobbs accomplished this by prescribing medical treatments and diagnostic evaluations beyond what was medically necessary.

Anheuser Busch In-Bev employees were Dr. Hobbs's primary disability patients because in addition to Social Security disability insurance benefits, the employees were eligible for an insurance payment of $100,000.00 from Prudential Insurance of America Companies (hereinafter referred to as "Prudential") and short-term disability benefits from MetLife.

3

On January 8, 2013, Defendant admits and agrees that she met with Dr. Hobbs to obtain his assistance in qualifying for Social Security disability benefits and other private insurance benefits. The Defendant admits and agrees that Dr. Hobbs required her to undergo medically unnecessary tests and treatments that were designed to bolster Defendant's application for disability benefits from the Social Security Administration, Prudential, and MetLife. Defendant paid for any treatments, testing, and equipment required by Dr. Hobbs, but not covered by her medical insurance provider, Blue Cross Blue Shield of Missouri. Defendant admits and agrees that she was aware that the sole purpose of the medical procedures prescribed by Dr. Hobbs was to have Defendant deemed eligible for federal disability insurance benefits and the private disability benefit payments and were not medically necessary to diagnose or treat her. Defendant admits and agrees that, in addition to treatment fees, Defendant paid Dr. Hobbs $6,100, between January 8, 2013 and November 28, 2017, for his efforts in exaggerating her medical conditions to qualify her for disability benefits.

Defendant admits and agrees that on January 14, 2013, Dr. Hobbs provided Defendant a letter stating that she was medically unable to work. The purpose of the letter was to reinforce the Defendant's and Dr. Hobbs' false claims that Defendant was totally and permanently disabled and eligible for the federal and private disability benefits. Defendant admits and agrees that Dr. Hobbs provided additional sick slips to Defendant on May 24, 2013, June 6, 2013, October 1, 2013, and December 12, 2013. Defendant admits and agrees that she and Dr. Hobbs exaggerated any medical issues she had so she would qualify for the disability benefits. In fact, while Defendant claimed to be so disabled that she could not work, she was traveling internationally, attending concerts in the St. Louis area and other cities, traveling with her children to their baseball games, and going to various social events.

4

Defendant admits and agrees that on June 10, 2013, she applied for federal disability benefits from the Social Security Administration and in support of her application, completed Form 22A-3373-BK titled "Function Report-Adult." Defendant admits and agrees that she and Dr. Hobbs falsely claimed that Defendant was totally and permanently disabled. Defendant admits and agrees that she told the administrative agency that because of her medical condition, she no longer enjoyed fishing, could not perform yardwork, had no social life, used a cane and brace, and could not bend, squat, or sit. Defendant further admits and agrees that her statements to the Social Security Administration were false because she continued to fish, socialized with others outside her family, engaged in yardwork, did not use a cane or brace, and could bend, squat, and sit for long periods of time. Defendant admits and agrees that she was aware that qualifying for federal disability benefits was a determinative factor for Prudential and MetLife in deciding whether or not to grant Defendant's request for disability insurance benefits.

Despite knowing that she was not totally and permanently disabled, and therefore, ineligible to receive the disability benefits, between January 8, 2013 and September 30, 2021, Defendant admits and agrees that she fraudulently received payments from the Social Security Administration, totaling $298,319.30; $100,000 from Prudential; and more than $58,788 from MetLife. Blue Cross Blue Shield also paid $3,501.88 based upon the unnecessary medical tests and treatments prescribed by Dr. Hobbs.

The Defendant agrees and admits that the actual losses caused to the Social Security Administration, Prudential, MetLife, and Blue Cross Blue Shield as a result of her participation in the conspiracy to commit health care fraud, make false statements, steal federal government funds, and commit Social Security fraud exceeded $250,000, but was less than $550,000.

### 5.  STATUTORY PENALTIES:

The Defendant fully understands that the maximum possible penalty provided by law for the crime of conspiracy to defraud charged in Count 1 to which the Defendant is pleading guilty is imprisonment for not more than 5 years, a fine of not more than $250,000.00, or both. The Court may also impose no more than a 3 year period of supervised release.

### 6.  U.S. SENTENCING GUIDELINES:  2018 MANUAL:

The Defendant understands that Count 1 is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.

**a.  Chapter 2 Offense Conduct:**

**(1)  Base Offense Level:**   The parties agree that the base offense level is 6 as found in Section 2B1.1(a)(2).

(2) **Chapter 2 Specific Offense Characteristics**:  The parties agree that the following Specific Offense Characteristic applies: 12 levels should be added pursuant to Section 2B1.1(b)(1)(G) because the loss exceeded $250,000.00.

**b.  Chapter 3 Adjustments:**

**Acceptance of Responsibility**:  The parties recommend that three levels should be deducted pursuant to Sections 3E1.1(a) and (b) because the Defendant has clearly demonstrated acceptance of responsibility and provided timely notification of the intention to plead guilty. The parties agree that the Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the Defendant which it believes are inconsistent with Defendant's

6

eligibility for this deduction, the Government may present said evidence to the court, and argue that the Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **c.   Estimated Total Offense Level:**   The parties estimate that the Total Offense Level is 15.

    **d.   Criminal History:**   The determination of the Defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category.   The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

    **e.   Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

    **f.   Forfeiture:** The Defendant agrees to the entry of a forfeiture money judgment in the amount of restitution determined by the court at sentencing. The Defendant further agrees that the proffer of evidence supporting this guilty plea is sufficient evidence to support such forfeiture.

    The Defendant agrees that the Court may enter a consent preliminary order of forfeiture at the time of her guilty plea or at any time before sentencing. The Defendant further agrees that this order will become final as to the Defendant when it is issued and will be part of her sentence pursuant to Fed. R. Crim. P. 32.2(b)(4)(A).

    The Defendant agrees that the Government may choose in its sole discretion how it wishes

to accomplish forfeiture, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. The Defendant waives all rights to assert any interest in the forfeited property in the future and will withdraw any prior claims made to forfeited property, whether they were made in a judicial or non-judicial forfeiture process.

The Defendant agrees (i) to assist the Government in identifying all property that is subject to forfeiture, (ii) to take any and all actions necessary to transfer title and ownership of said property to the Government, and (iii) to help the Government to rebut the claims of nominees and/or alleged third party owners, including by testifying truthfully in any judicial forfeiture proceeding.

The Defendant knowingly and intelligently waives all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant further knowingly and intelligently waives any rights the Defendant may have (i) for notice of the forfeiture to be given in the charging instrument, (ii) for a jury or the Court to determine what property is subject to forfeiture, (iii) for the Court to explain the forfeiture at the Defendant's change of plea hearing, and (iv) for the forfeiture to be made part of the oral pronouncement of sentence and included in the judgment.

**7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.   Appeal:**   The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)   Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2)   Sentencing Issues:**   In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the Defendant within or above that range.

**b.   Habeas Corpus:**   The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.   Right to Records:**   The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8.  OTHER:

a. **Disclosures Required by the United States Probation Office:**  The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

c. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed.  As a special condition of supervised release, Defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses.  These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The Defendant understands that parole has been abolished.

d. **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100.00, which the Defendant agrees to pay at the time of sentencing.  Money paid by the Defendant toward any

10

restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **e.**   **Possibility of Detention:**   The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f.**   **Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The Defendant agrees to provide full restitution to all victims of all charges in the indictment.

**9.**   **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**   In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant

11

further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the Government's case and any defenses.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.  NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

October 5, 2021
Date

TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

10/5/21
Date

SHANNON NENNINGER
Defendant

10/5/21
Date

GREGORY SMITH, ESQ.
Attorney for Defendant

14